IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, BUREAU OF LAND MANAGEMENT, SECRETARY OF THE INTERIOR, and PRESIDENT OF THE UNITED STATES,<br><br>Defendants,<br><br>and<br><br>SODA MOUNTAIN WILDERNESS COUNCIL, KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, and THE WILDERNESS SOCIETY,<br><br>Defendant-Intervenor-Applicants. | Case No. 1:17-cv-00441-RJL |

**ANSWER OF DEFENDANT-INTERVENORS SODA MOUNTAIN WILDERNESS COUNCIL, *ET AL.,* TO COMPLAINT**

On March 10, 2017, American Forest Resource Council ("AFRC") filed a Complaint in this action alleging a violation of law (the Oregon and California Railroad and Coos Bay Wagon Road Grant Lands Act of 1937, 43 U.S.C. §§ 1181a-1181f ("O&C Act")) by the United States of America, the Bureau of Land Management, the Secretary of the Interior, and the President of the

ANSWER OF DEFENDANT-INTERVENORS
(No. 1:17-cv-00441) - 1

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

United States in issuing Proclamation 9564, Boundary Enlargement of the Cascade-Siskiyou National Monument on January 12, 2017. Defendant-intervenors Soda Mountain Wilderness Council, Klamath-Siskiyou Wildlands Center, Oregon Wild, and The Wilderness Society have intervened in this matter. Pursuant to Federal Rule of Civil Procedure 24(c), defendant-intervenors submit this Answer. The numbered paragraphs in this Answer correspond to those contained in AFRC's Complaint.

## COMPLAINT

No answer required.

### I. INTRODUCTION

1. Paragraph 1 of the Complaint characterizes AFRC's case and contains legal conclusions to which no response is required. Defendant-intervenors deny all allegations and characterization of actions and intentions in this paragraph.

2. Defendant-intervenors deny the allegations in paragraph 2 as characterizations of plaintiff's view of the role of the timber industry in Oregon's economic development that are unsupported and incomplete.

3. The allegations in paragraph 3 purport to characterize the O&C Act and an opinion from the Ninth Circuit Court of Appeals (*Headwaters v. BLM*, 893 F.2d 1012 (9th Cir. 1989)), both of which are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

4. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegation that the "promise of the O&C Act is particularly important to users of Oregon forests" in paragraph 4, sentence 1, and therefore deny; defendant-intervenors deny the allegations in sentences 2 and 3 as unsupported and incomplete.

ANSWER OF DEFENDANT-INTERVENORS
(No. 1:17-cv-00441) - 2

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

5.      The allegations in paragraph 5 are characterizations of plaintiff's view of the history of timber harvest on federal lands in the Pacific Northwest since the 1980s. While defendant-intervenors admit that timber harvest amounts from federal lands in the Pacific Northwest fell during the 1990s from previous record high amounts, they deny the allegations and representations made in this paragraph as to the reasons and results of that timber harvest decline as being unsupported and incomplete. Further, defendant-intervenors deny allegations that promises for timber production were not kept (sentence 3); that the drop is timber amounts was "entirely due" to federal restrictions (sentence 6); and that private forests cannot meet market demands (sentence 9).

6.      The allegations in paragraph 6 are characterizations of plaintiff's view of the economics of timber harvesting in the Pacific Northwest. Defendant-intervenors deny the allegations and representations made in this paragraph as being unsupported and incomplete.

7.      The allegations in paragraph 7 are characterizations of the impact of timber harvest on O&C Act lands; defendant-intervenors deny the allegations and representations made in this paragraph as being unsupported and incorrect. Defendant-intervenors aver that since 1994, O&C Act lands have been managed under the standards and guidelines of the Northwest Forest Plan like all other national forest and BLM lands in the region.

8.      The allegations in paragraph 8 are characterizations of the interplay between forest fires and timber harvest; defendant-intervenors deny the allegations and representations made in this paragraph as being unsupported, incomplete, and incorrect.

9.      Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, sentences 1 and 2, and therefore deny; defendant-intervenors deny the allegations in sentence 3.

ANSWER OF DEFENDANT-INTERVENORS
(No. 1:17-cv-00441) - 3

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

10. Defendant-intervenors admit that 18 Oregon counties receive revenue from timber sales on O&C Act lands. Defendant-intervenors deny the remaining allegations in the paragraph.

11. Defendant-intervenors admit that President Obama issued Presidential Proclamation 9564 on January 12, 2017, enlarging the boundaries of the Cascade-Siskiyou National Monument. 82 Fed. Reg. 6145 (Jan. 18, 2017). Defendant-intervenors deny the remaining allegations in the paragraph.

12. Paragraph 12 of the Complaint characterizes AFRC's case and contains legal conclusions to which no response is required. Defendant-intervenors deny the allegations and representations in paragraph 12.

## II.  JURISDICTION AND VENUE

13. Defendant-intervenors deny that jurisdiction is proper.

14. Defendant-intervenors admit that venue may be proper in this district, but assert that venue would be more relevant in the District of Oregon, where the lands at issue are; where the plaintiff resides; and where a strikingly similar challenge by Murphy Company, a member of plaintiff AFRC, has already been filed.

15. Deny.

## III.  PARTIES

16. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations about plaintiff AFRC and therefore deny.

17. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations about plaintiff AFRC in the first and second sentences and therefore deny. Defendant-intervenors deny the allegations and representations in the remainder

ANSWER OF DEFENDANT-INTERVENORS
(No. 1:17-cv-00441) - 4

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

of paragraph 17. Defendant-intervenors further aver that AFRC lacks standing to pursue this challenge.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

### IV. BACKGROUND ALLEGATIONS

**A.  The Antiquities Act of 1906**

22. The allegations in paragraph 22 purport to characterize the Antiquities Act of 1906, which is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

**B.  The O&C Act of 1937**

23. The allegations in paragraph 23 purport to characterize the O&C Act and its legislative history, which are the best evidence of their contents. Any allegations contrary to their plain language and meaning are denied.

24. The allegations in paragraph 24 purport to characterize the Chamberlain-Ferris Revestment Act, which is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

25. The allegations in paragraph 25 purport to characterize the O&C Act, which is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

26. The allegations in paragraph 26, sentence 1, purport to characterize the management of the O&C Act lands since 1937; defendant-intervenors deny these allegations as

ANSWER OF DEFENDANT-INTERVENORS
(No. 1:17-cv-00441) - 5

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

incomplete and unsupported.  Defendant-intervenors deny the allegations in sentences 2, 3, and 4.  Defendant-intervenors admit that Rough and Ready Lumber Company has closed (sentence 5); defendant-intervenors deny the remaining allegations in sentences 5-8.

**C.     The Cascade-Siskiyou National Monument's Repurposing of O&C Land and its 2017 Expansion.**

27. Defendant-intervenors admit that President Clinton issued Proclamation 7318 in June 2000, creating the original Cascade-Siskiyou National Monument pursuant to the Antiquities Act.  The allegations in sentences 2-5 purport to characterize Proclamation 7318, which is the best evidence of its contents.  Any allegations contrary to its plain language and meaning are denied.  Defendant-intervenors admit that the current management plan for the Monument was issued in 2008; that management plan is the best evidence of its contents and any allegations contrary to its plain language and meaning are denied.

28. The allegations in paragraph 28 purport to characterize the process BLM and the Department of the Interior undertook in proposing an expansion of the Monument.  Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in sentences 1, 2, and 3 and therefore deny.

29. Defendant-intervenors admit that President Obama issued Presidential Proclamation 9564 on January 12, 2017, enlarging the boundaries of the Cascade-Siskiyou National Monument.  82 Fed. Reg. 6145 (Jan. 18, 2017).  Proclamation 9564 is the best evidence of its contents and any allegations contrary to its plain language and meaning are denied.

30. Defendant-intervenors admit that President Obama issued Presidential Proclamation 9564 on January 12, 2017, enlarging the boundaries of the Cascade-Siskiyou National Monument.  82 Fed. Reg. 6145 (Jan. 18, 2017).  Proclamation 9564 is the best evidence of its contents and any allegations contrary to its plain language and meaning are denied.

ANSWER OF DEFENDANT-INTERVENORS
(No. 1:17-cv-00441) - 6

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

31. Defendant-intervenors admit that President Obama issued Presidential Proclamation 9564 on January 12, 2017, enlarging the boundaries of the Cascade-Siskiyou National Monument. 82 Fed. Reg. 6145 (Jan. 18, 2017). Proclamation 9564 is the best evidence of its contents and any allegations contrary to its plain language and meaning are denied.

32. Defendant-intervenors deny that Proclamation 9564 overrides any express Congressional delegation for commercial harvest of timber. Defendant-intervenors further deny that Proclamation 9564 overrides any other Congressional mandate.

33. The allegations in paragraph 33 purport to characterize the Antiquities Act of 1906, which is the best evidence of its contents. Any allegations contrary to its plain language and meaning are denied.

34. Defendant-intervenors deny the allegations of paragraph 34. The relevant Department of the Interior Solicitor Opinion from 1940 is the best evidence of its contents and any allegations contrary to its plain language and meaning are denied. Defendant-intervenors further aver that the 1940 Solicitor Opinion was followed by multiple Solicitor Opinions over the next 50 years that modify, clarify, or supercede each other and deny that any interpretation of the 1940 Solicitor Opinion is controlling on this Court.

**D.    AFRC Members Use and Intended Future Use of the O&C Lands Included in the Monument.**

35. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 and therefore deny.

36. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 and therefore deny.

37. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and therefore deny.

ANSWER OF DEFENDANT-INTERVENORS
(No. 1:17-cv-00441) - 7

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

38. Defendant-intervenors lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 and therefore deny.

39. Deny.

## CLAIM FOR RELIEF

**Proclamation 9564 Violates The O&C Act, is Ultra Vires, Constitutes an Illegal Overreach of the Powers of the President of the United States, and Exceeds the Powers delegated to the President By the Antiquities Act.**

40. No answer required.

41. Deny. Defendant-intervenors aver that this presentation of O&C Act requirements and application is incomplete and therefore further deny.

42. Deny.

43. Deny. Defendant-intervenors also aver that this presentation of United States Constitution, Presidential power, and Congressional power is incomplete and therefore further deny.

44. Deny.

## PRAYER FOR RELIEF

The remainder of AFRC's Complaint constitutes its requests for relief to which no response is required. Defendant-intervenors deny that plaintiff is entitled to any relief whatsoever on its Claim for Relief.

## GENERAL DENIAL

Defendant-intervenors deny any allegations of the Complaint, whether express or implied, that are not expressly admitted or qualified in this Answer.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject-matter jurisdiction over Plaintiff's claim.

ANSWER OF DEFENDANT-INTERVENORS
(No. 1:17-cv-00441) - 8

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*

2. Plaintiff fails to state a claim upon which relief may be granted.

3. Plaintiff lacks standing to pursue this action.

4. Venue may be more appropriate in the District of Oregon.

WHEREFORE, Defendant-intervenors respectfully request that this Court deny Plaintiff all relief requested, dismiss the Complaint with prejudice, grant judgment for Defendant-intervenors and against Plaintiff, and grant Defendant-intervenors such other relief as the Court deems appropriate.

Dated:  March 30, 2017                     Respectfully submitted,

*/s/ Patti A. Goldman*
Patti A. Goldman, DCB # 398565
Kristen L. Boyles, WSBA # 23806
(*Pending Pro Hac Vice Admission*)
Earthjustice
705 Second Avenue, Suite 203
Seattle, WA  98104
Telephone:  (206) 343-7340
pgoldman@earthjustice.org
kboyles@earthjustice.org

Susan Jane M. Brown, OSB #054607
(*Pending Pro Hac Vice Admission*)
Western Environmental Law Center
4107 NE Couch Street
Portland, Oregon  97232
(503) 914-1323

*Attorneys for Defendant-Intervenor-Applicants*

ANSWER OF DEFENDANT-INTERVENORS
(No. 1:17-cv-00441) - 9

*Earthjustice*
*705 Second Ave., Suite 203*
*Seattle, WA  98104*
*(206) 343-7340*