# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: <u>1:17–cv–00441–RJL</u>

AMERICAN FOREST RESOURCE COUNCIL v. UNITED STATES OF AMERICA et al
Assigned to: Judge Richard J. Leon
Demand: $0
 Case:  1:17–cv–00280–RJL
Cause: 28:2201 Declaratory Judgment

Date Filed: 03/10/2017
Date Terminated: 11/22/2019
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: U.S. Government Defendant

**Plaintiff**

| | | |
|---|---|---|
| **AMERICAN FOREST RESOURCE COUNCIL** | represented by | **David O. Bechtold** |

**David O. Bechtold**
NORTHWEST RESOURCE LAW PLLC
1000 SW Broadway
Suite 2300
Portland, OR 97205
(503) 664–3582
Fax: (503) 224–0155
Email: dbechtold@nwresourcelaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Diane M. Meyers**
NORTHWEST RESOURCE LAW PLLC
101 Yesler Way
Suite 205
Seattle, WA 98104
(206) 971–1564
Email: DMeyers@nwresourcelaw.com
*TERMINATED: 04/25/2019*

V.

**Defendant**

**UNITED STATES OF AMERICA**          represented by          **Coby Howell**
U.S. DEPARTMENT OF JUSTICE
Enivornment & Natural Resources Division
Wildlife & Marine Resources Section
1000 SW Third Avenue
Suite 600
Portland, OR 97204
(503) 727–1023
Fax: (503) 727–1117
Email: coby.howell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

1

**Jacqueline Margaret Leonard**
U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources
Division
P.O. Box 7611
Washington, DC 20044–7611
(202) 305–0493
Fax: (202) 305–0506
Email: jacqueline.leonard@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Bernard Glazer**
U.S. DEPARTMENT OF JUSTICE
Environment & Natural Resources
Division
301 Howard Street
Room 1050
San Francisco, CA 94105
(415) 744–6477
Fax: (415) 744–6476
Email: david.glazer@usdoj.gov
*TERMINATED: 08/25/2017*

**Defendant**

| | | |
|---|---|---|
| **BUREAU OF LAND MANAGEMENT** | represented by | **Coby Howell**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jacqueline Margaret Leonard**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **David Bernard Glazer**<br>(See above for address)<br>*TERMINATED: 08/25/2017* |

**Defendant**

| | | |
|---|---|---|
| **PRESIDENT OF THE UNITED STATES** | represented by | **Coby Howell**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Jacqueline Margaret Leonard**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**David Bernard Glazer**
(See above for address)
*TERMINATED: 08/25/2017*

<u>**Defendant**</u>

**SECRETARY OF THE INTERIOR**      represented by  **Coby Howell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jacqueline Margaret Leonard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David Bernard Glazer**
(See above for address)
*TERMINATED: 08/25/2017*

V.

<u>**Intervenor Defendant**</u>

**SODA MOUNTAIN WILDERNESS
COUNCIL**      represented by  **Patti A. Goldman**
EARTHJUSTICE
810 Third Avenue
Suite 610
Seattle, WA 98104
(206) 343–7340
Fax: (206) 343–1526
Email: pgoldman@earthjustice.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Kristen L. Boyles**
EARTHJUSTICE
810 Third Avenue
Suite 610
Seattle, WA 98104
(206) 343–7340
Fax: (206) 343–1526
Email: kboyles@earthjustice.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Susan Jane M. Brown**
WESTERN ENVIRONMENTAL LAW
CENTER
4107 NE Couch Street
Portland, OR 97232
(503) 914–1323
Fax: (541) 485–2457

Email: brown@westernlaw.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

| | | |
|---|---|---|
| **KLAMATH SISKIYOU WILDLANDS CENTER** | represented by | **Patti A. Goldman** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Kristen L. Boyles** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **Susan Jane M. Brown** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |

**Intervenor Defendant**

| | | |
|---|---|---|
| **OREGON WILD** | represented by | **Patti A. Goldman** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |
| | | **Kristen L. Boyles** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |
| | | **Susan Jane M. Brown** (See above for address) *PRO HAC VICE* *ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **WILDERNESS SOCIETY** *TERMINATED: 04/06/2017* | represented by | **Patti A. Goldman** (See above for address) *LEAD ATTORNEY* *ATTORNEY TO BE NOTICED* |

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/10/2017 | 1 | | COMPLAINT against All Defendants ( Filing fee $ 400 receipt number 0090–4873084) filed by AMERICAN FOREST RESOURCE COUNCIL. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons)(Meyers, Diane) (Entered: 03/10/2017) |

| 03/10/2017 | 2 | Corporate Disclosure Statement by AMERICAN FOREST RESOURCE COUNCIL. (Meyers, Diane) (Entered: 03/10/2017) |
|---|---|---|
| 03/10/2017 | 3 | NOTICE OF RELATED CASE by AMERICAN FOREST RESOURCE COUNCIL. Case related to Case No. 1:17−cv−00280. (Meyers, Diane) (Entered: 03/10/2017) |
| 03/10/2017 | 4 | NOTICE OF RELATED CASE by AMERICAN FOREST RESOURCE COUNCIL. Case related to Case No. 1:17−cv−00285−cl. (Meyers, Diane) (Entered: 03/10/2017) |
| 03/10/2017 | | Case Assigned to Judge Richard J. Leon. (sth) (Entered: 03/13/2017) |
| 03/13/2017 | 5 | SUMMONS (6) Issued Electronically as to BUREAU OF LAND MANAGEMENT, President of United States, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons)(sth) (Entered: 03/13/2017) |
| 03/30/2017 | 6 | MOTION to Intervene by SODA MOUNTAIN WILDERNESS COUNCIL, KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, THE WILDERNESS SOCIETY (Attachments: # 1 Exhibit A Proposed Answer, # 2 Exhibit Corporate Disclosure Statement, # 3 Text of Proposed Order)(Goldman, Patti) (Entered: 03/30/2017) |
| 03/30/2017 | 7 | MEMORANDUM re 6 MOTION to Intervene filed by KLAMATH SISKIYOU WILDLANDS CENTER, SODA MOUNTAIN WILDERNESS COUNCIL, OREGON WILD, THE WILDERNESS SOCIETY by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL, THE WILDERNESS SOCIETY. (Attachments: # 1 Declaration of Alexander Harris, # 2 Declaration of Dave Willis, # 3 Exhibit A to Declaration of Dave Willis, # 4 Exhibit B to Declaration of Dave Willis, # 5 Exhibit C to Declaration of Dave Willis, # 6 Exhibit D to Declaration of Dave Willis, # 7 Declaration of Dr. Pepper Trail, # 8 Declaration of George Sexton, # 9 Exhibit A to Declaration of George Sexton, # 10 Exhibit B to Declaration of George Sexton, # 11 Exhibit C to Declaration of George Sexton, # 12 Declaration of Jeanine Moy, # 13 Declaration of Jennifer Miatke, # 14 Declaration of Joseph Vaile, # 15 Declaration of Lori Cooper, # 16 Declaration of Matt Keller, # 17 Declaration of Michael Parker, # 18 Exhibit A to Declaration of Michael Parker, # 19 Declaration of Nada Culver)(Goldman, Patti) (Entered: 03/30/2017) |
| 03/30/2017 | 8 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Kristen L. Boyles, :Firm− Earthjustice, :Address− 705 Second Avenue, Suite 203, Seattle, WA 98104. Phone No. − (206)343−7340. Fax No. − (206)343−1526 Filing fee $ 100, receipt number 0090−4895224. Fee Status: Fee Paid. by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL, THE WILDERNESS SOCIETY (Attachments: # 1 Declaration of Kristen Boyles, # 2 Text of Proposed Order)(Goldman, Patti) (Entered: 03/30/2017) |
| 03/30/2017 | 9 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Susan Jane M. Brown, :Firm− Western Environmental Law Center, :Address− 4107 NE Couch Street, Portland, OR 97232. Phone No. − (503)914−1323. Filing fee $ 100, receipt number 0090−4895250. Fee Status: Fee Paid. by KLAMATH |

| | | | |
|---|---|---|---|
| | | | SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL, THE WILDERNESS SOCIETY (Attachments: # 1 Declaration of Susan Jane M. Brown, # 2 Text of Proposed Order)(Goldman, Patti) (Entered: 03/30/2017) |
| 04/04/2017 | 10 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 3/27/2017. (Meyers, Diane) (Entered: 04/04/2017) |
| 04/04/2017 | 11 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SECRETARY OF THE INTERIOR served on 3/27/2017 (Meyers, Diane) (Entered: 04/04/2017) |
| 04/04/2017 | 12 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. PRESIDENT OF THE UNITED STATES served on 3/27/2017 (Meyers, Diane) (Entered: 04/04/2017) |
| 04/04/2017 | 13 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. BUREAU OF LAND MANAGEMENT served on 3/27/2017 (Meyers, Diane) (Entered: 04/04/2017) |
| 04/04/2017 | 14 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES OF AMERICA served on 3/27/2017 (Meyers, Diane) (Entered: 04/04/2017) |
| 04/04/2017 | 15 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/27/2017. Answer due for ALL FEDERAL DEFENDANTS by 5/26/2017. (Meyers, Diane) (Entered: 04/04/2017) |
| 04/06/2017 | 16 | | NOTICE *of Withdrawal of Proposed Defendant–Intervenor The Wilderness Society* by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL, THE WILDERNESS SOCIETY re 6 MOTION to Intervene (Goldman, Patti) (Entered: 04/06/2017) |
| 04/07/2017 | | | MINUTE ORDER granting Motion for Leave to Appear Pro Hac Vice of Kristen L. Boyles 8 and Motion for Leave to Appear Pro Hac Vice of Susan Jane M. Brown 9 . It is hereby ORDERED that Kristin L. Boyles and Susan Jane M. Brown are hereby admitted pro hac vice in this case as attorneys for defendant–intervenor–applicants Soda Mountain Wilderness Council, Klamath–Siskiyou Wildlands Center, and Oregon Wild. Signed by Judge Richard J. Leon on 04/07/17. (lcrjl1) (Entered: 04/07/2017) |
| 04/13/2017 | 17 | | STIPULATION *and [Proposed] Order Extending Time to Respond to Complaint* by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA. (Glazer, David) (Entered: 04/13/2017) |
| 04/13/2017 | 18 | | RESPONSE re 6 MOTION to Intervene filed by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA. (Glazer, David) (Entered: 04/13/2017) |
| 04/13/2017 | 19 | | Memorandum in opposition to re 6 MOTION to Intervene filed by AMERICAN FOREST RESOURCE COUNCIL. (Meyers, Diane) (Entered: 04/13/2017) |

| | | | |
|---|---|---|---|
| 04/20/2017 | 20 | | REPLY to opposition to motion re 6 MOTION to Intervene filed by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL. (Boyles, Kristen) (Entered: 04/20/2017) |
| 04/24/2017 | | | MINUTE ORDER: Upon consideration of the parties' Stipulation and Proposed Order Extending Time to Respond to Complaint 17 , it is hereby ORDERED that the Stipulation is APPROVED and that that defendants shall answer or otherwise respond to the Complaint 1 on or before 06/23/17. Signed by Judge Richard J. Leon on 04/24/17. (lcrjl1) (Entered: 04/24/2017) |
| 04/25/2017 | 21 | | NOTICE of Appearance by David O. Bechtold on behalf of AMERICAN FOREST RESOURCE COUNCIL (Bechtold, David) (Entered: 04/25/2017) |
| 06/13/2017 | 22 | | Unopposed MOTION to Stay by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(Glazer, David) (Entered: 06/13/2017) |
| 06/15/2017 | 23 | | ORDER Granting 22 Federal Defendants' Unopposed Motion to Stay Case. This case is stayed until September 23, 2017. At the end of the stay, the parties will submit a joint status report concerning further proceedings in this matter. SO ORDERED. Signed by Judge Richard J. Leon on 6/14/2017. (jth) (Entered: 06/16/2017) |
| 08/25/2017 | 24 | | NOTICE OF SUBSTITUTION OF COUNSEL by Coby Howell on behalf of All Defendants Substituting for attorney David Glazer (Howell, Coby) (Entered: 08/25/2017) |
| 08/29/2017 | 25 | | NOTICE of Appearance by Jacqueline Margaret Leonard on behalf of All Defendants (Leonard, Jacqueline) (Entered: 08/29/2017) |
| 09/26/2017 | 26 | | STATUS REPORT by AMERICAN FOREST RESOURCE COUNCIL. (Meyers, Diane) (Entered: 09/26/2017) |
| 09/27/2017 | 27 | | STATUS REPORT by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA. (Leonard, Jacqueline) (Entered: 09/27/2017) |
| 10/02/2017 | 28 | | MOTION to Stay by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA (Leonard, Jacqueline) (Entered: 10/02/2017) |
| 10/16/2017 | 29 | | Memorandum in opposition to re 28 MOTION to Stay filed by AMERICAN FOREST RESOURCE COUNCIL. (Attachments: # 1 Declaration Declaration of Andy Geissler, # 2 Text of Proposed Order Proposed Order)(Meyers, Diane) (Entered: 10/16/2017) |
| 10/20/2017 | 30 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to AMERICAN FOREST RESOURCE COUNCIL. Attorney Diane M. Meyers terminated. (Meyers, Diane) (Entered: 10/20/2017) |
| 10/20/2017 | 31 | | NOTICE of Appearance by Diane M. Meyers on behalf of AMERICAN FOREST RESOURCE COUNCIL (Meyers, Diane) (Entered: 10/20/2017) |
| 10/23/2017 | 32 | | |

| | | | |
|---|---|---|---|
| | | | REPLY to opposition to motion re 28 MOTION to Stay filed by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA. (Attachments: # 1 Affidavit, # 2 Exhibit 1, # 3 Text of Proposed Order)(Howell, Coby) Modified filer on 10/24/2017 (znmw). (Entered: 10/23/2017) |
| 10/30/2017 | | | MINUTE ORDER granting 28 Federal Defendants' Motion to Stay Case. It is hereby ORDERED that the motion is GRANTED. This case is stayed until December 1, 2017. At the end of the stay, the parties will submit a joint status report concerning further proceedings in this matter. Signed by Judge Richard J. Leon on 10/30/2017. (lcrjl1) (Entered: 10/30/2017) |
| 12/01/2017 | 33 | | Joint STATUS REPORT by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA. (Howell, Coby) (Entered: 12/01/2017) |
| 12/08/2017 | 34 | | NOTICE of Change of Address by Diane M. Meyers (Meyers, Diane) (Entered: 12/08/2017) |
| 12/08/2017 | | | MINUTE ORDER. Upon consideration of the parties' Joint Status Report 33 , it is hereby ORDERED that the above–captioned case remain STAYED through January 15, 2018. Signed by Judge Richard J. Leon on 12/8/2017. (lcrjl1) (Entered: 12/08/2017) |
| 01/22/2018 | 35 | | ORDER that Defendant–Intervenor–Applicants' 5 Motion to Intervene in case 17–cv–280 (RJL) and 6 Motion to Intervene in case 17–cv–441 (RJL) are GRANTED and that the defendant–intervenor–applicants shall be permitted to permissibly intervene in this case under Federal Rule of Civil Procedure 24(b); and it is further ORDERED that the following conditions shall apply to intervenors' participation in this litigation: 1) Intervenors shall not be permitted to file any motions to dismiss or motion to transfer separate and apart from any such motions filed by the original defendants; 2) intervenors shall not be permitted to engage in discovery separate and apart from the discovery sought by the original defendants; 3) intervenors shall file joint briefs with one another; and 4) the intervenors shall be held to the same schedule that would apply absent intervention. SO ORDERED. (See the Order for complete details) Signed by Judge Richard J. Leon on 01/21/2018. (jth) (Entered: 01/22/2018) |
| 01/22/2018 | 36 | | ANSWER to 1 Complaint by SODA MOUNTAIN WILDERNESS COUNCIL, KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD.(jf) Modified to add link on 1/24/2018 (znmw). (Entered: 01/23/2018) |
| 01/22/2018 | 37 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests NONE by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL (jf) (Entered: 01/23/2018) |
| 01/23/2018 | 38 | | Joint STATUS REPORT re Case Management Schedule by AMERICAN FOREST RESOURCE COUNCIL. (Meyers, Diane) (Entered: 01/23/2018) |
| 01/25/2018 | | | MINUTE ORDER. Upon consideration of the parties' Joint Proposed Case Management Schedule 38 , it is hereby ORDERED that the stay in the above–captioned case be lifted. It is further ORDERED that the following schedule shall govern the above–captioned case: 1) federal defendants shall file |

| | | | |
|---|---|---|---|
| | | | their responsive pleading to plaintiff's complaint on or before March 15, 2018; 2) plaintiff shall file its motion for summary judgment on or before April 16, 2018; 3) federal defendants shall file their combined cross−motion for summary judgment and opposition to plaintiff's motion for summary judgment on or before June 15, 2018; 4) defendant−intervenors shall file their combined cross−motion for summary judgment and opposition to plaintiff's motion for summary judgment on or before June 15, 2018; 5) plaintiff shall file its combined opposition to federal defendants' and defendant−intervenors' cross−motions for summary judgment and its reply in support of its motion for summary judgment on or before July 30, 2018; 6) federal defendants shall file their reply in support of their cross−motion for summary judgment, if any, on or before September 13, 2018; 7) intervenor−defendants shall file their reply in support of their cross−motion for summary judgment, if any, on or before September 13, 2018. SO ORDERED. Signed by Judge Richard J. Leon on 1/25/2018. (lcrjl1) (Entered: 01/25/2018) |
| 01/25/2018 | | | Set/Reset Deadlines: Federal defendants' answer to the complaint due by 3/15/2018; plaintiff's summary judgment motion due by 4/16/2018; federal defendants' cross−motion for summary judgment and response to motion for summary judgment due by 6/15/2018; intervenor−defendants' cross−motion for summary judgment and response to motion for summary judgment due by 6/15/2018; plaintiff's opposition to the cross−motions for summary judgment and reply in support of their motion for summary judgment due by 7/30/2018; federal defendants' reply in support of their cross motion for summary judgment due by 9/13/2018; intervenor−defendants' reply in support of their cross−motion for summary judgment due by 9/13/2018. (tg) (Entered: 01/25/2018) |
| 03/06/2018 | 39 | | NOTICE of Change of Address by David O. Bechtold (Bechtold, David) (Entered: 03/06/2018) |
| 03/15/2018 | 40 | | ANSWER to 1 Complaint by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA.(Leonard, Jacqueline) Modified to add link on 3/16/2018 (znmw). (Entered: 03/15/2018) |
| 04/16/2018 | 41 | | MOTION for Summary Judgment by AMERICAN FOREST RESOURCE COUNCIL (Attachments: # 1 Declaration Paul Bialkowsky, # 2 Declaration Andy Geissler, # 3 Declaration Mark Nystrom, # 4 Declaration Steven D. Swanson, # 5 Declaration Diane M. Meyers, # 6 Text of Proposed Order)(Meyers, Diane) (Entered: 04/16/2018) |
| 06/12/2018 | 42 | | Joint MOTION for Extension of Time to *File Federal Defendants' opening brief* by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(Leonard, Jacqueline) (Entered: 06/12/2018) |
| 06/12/2018 | 43 | | Joint MOTION to Expedite *Consideration of Motion for Extension of Time to File Federal Defendants' opening brief* by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA (Leonard, Jacqueline) (Entered: 06/12/2018) |

| | | | |
|---|---|---|---|
| 06/15/2018 | 44 | | Cross MOTION for Summary Judgment by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL (Attachments: # 1 Text of Proposed Order, # 2 Memorandum in Support, # 3 Declaration, # 4 Exhibit A–I)(Boyles, Kristen) (Entered: 06/15/2018) |
| 06/15/2018 | 45 | | MEMORANDUM in opposition re 41 MOTION for Summary Judgment filed by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL. (Attachments: # 1 Declaration, # 2 Exhibit A–I)(Boyles, Kristen) Modified on 6/18/2018 to correct docket text/event (jf). (Entered: 06/15/2018) |
| 06/15/2018 | 46 | | MOTION for Summary Judgment *and Federal Defendants' Memorandum in support* by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA (Attachments: # 1 Statement of Facts, # 2 Declaration, # 3 Text of Proposed Order)(Leonard, Jacqueline) (Entered: 06/15/2018) |
| 06/18/2018 | | | NOTICE OF ERROR re 46 Motion for Summary Judgment; emailed to jacqueline.leonard@usdoj.gov, cc'd 19 associated attorneys –– The PDF file you docketed contained errors: 1. Two–part docket entry, 2. Please refile document, 3. Same Document using (Entered: 06/18/2018) |
| 06/18/2018 | 47 | | Memorandum in opposition to re 41 MOTION for Summary Judgment filed by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, UNITED STATES OF AMERICA. (Howell, Coby) (Entered: 06/18/2018) |
| 06/19/2018 | | | MINUTE ORDER. In light of the timely filing of federal defendants' cross–motion for summary judgment and opposition to plaintiff's motion for summary judgment 46 , it is hereby ORDERED that the 42 Joint Motion to Modify Briefing Schedule and 43 Joint Motion for Expedited Consideration of Motion to Modify Briefing Schedule are DENIED AS MOOT. SO ORDERED. Signed by Judge Richard J. Leon on 6/19/2018. (lcrjl1) (Entered: 06/19/2018) |
| 06/20/2018 | 48 | | ERRATA *regarding Federal Defendants' Cross Motion for Summary Judgment* by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA 46 MOTION for Summary Judgment *and Federal Defendants' Memorandum in support* filed by PRESIDENT OF THE UNITED STATES, BUREAU OF LAND MANAGEMENT, UNITED STATES OF AMERICA, SECRETARY OF THE INTERIOR. (Attachments: # 1 Errata, # 2 Text of Proposed Order, # 3 Statement of Facts, # 4 Declaration)(Leonard, Jacqueline) (Entered: 06/20/2018) |
| 07/30/2018 | 49 | | REPLY to opposition to motion re 46 MOTION for Summary Judgment *and Federal Defendants' Memorandum in support*, 41 MOTION for Summary Judgment , 44 Cross MOTION for Summary Judgment filed by AMERICAN FOREST RESOURCE COUNCIL. (Meyers, Diane) (Entered: 07/30/2018) |
| 07/30/2018 | 50 | | Memorandum in opposition to re 44 Cross MOTION for Summary Judgment filed by AMERICAN FOREST RESOURCE COUNCIL. (See Docket Entry [49[ to view document) (zjf) (Entered: 07/31/2018) |
| 07/31/2018 | | | |

| | | | |
|---|---|---|---|
| | | | NOTICE OF ERROR re 49 Reply to opposition to Motion; emailed to DMeyers@nwresourcelaw.com, cc'd 19 associated attorneys –– The PDF file you docketed contained errors: 1. Two–part docket entry, 2. DO NOT REFILE – Counsel is reminded to docket all parts of their filings (zjf, ) (Entered: 07/31/2018) |
| 08/28/2018 | 51 | | Unopposed MOTION to Modify *Briefing Schedule* by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA (Howell, Coby) Modified event title on 8/30/2018 (znmw). (Entered: 08/28/2018) |
| 09/13/2018 | 52 | | REPLY to opposition to motion re 44 Cross MOTION for Summary Judgment filed by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL. (Attachments: # 1 Declaration of Susan Jane M. Brown, # 2 Exhibit J)(Boyles, Kristen) (Entered: 09/13/2018) |
| 09/13/2018 | 53 | | REPLY to opposition to motion re 46 MOTION for Summary Judgment *and Federal Defendants' Memorandum in support* filed by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA. (Howell, Coby) (Entered: 09/13/2018) |
| 09/17/2018 | | | MINUTE ORDER denying as moot 51 Federal Defendants' Unopposed Motion to Modify Briefing Schedule. SO ORDERED. Signed by Judge Richard J. Leon on 9/17/18. (lcrjl1) (Entered: 09/17/2018) |
| 03/19/2019 | 54 | | NOTICE OF SUPPLEMENTAL AUTHORITY by AMERICAN FOREST RESOURCE COUNCIL (Meyers, Diane) (Entered: 03/19/2019) |
| 03/31/2019 | 55 | | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 3/31/2019. (lcrjl2) (Entered: 03/31/2019) |
| 03/31/2019 | 56 | | ORDER. For the reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that plaintiff's 41 Motion for Summary Judgment is DENIED without prejudice; it is further ORDERED that defendant–intervenors' 44 Cross–Motion for Summary Judgment is DENIED without prejudice; it is further ORDERED that the federal defendants' 46 Cross–Motion for Summary Judgment is DENIED without prejudice; it is further ORDERED that on or before June 3, 2019, the federal defendants shall file an explanation of how O&C land––both within and outside the Cascade–Siskiyou National Monument's boundaries––is currently being managed, including any explanation for the changes, or the lack of changes, to the land's management plan following the issuance of Proclamation 9564, and including any supporting materials; and it is further ORDERED that within fourteen days of the federal defendants' filing, the parties shall confer and file a joint proposed briefing schedule for renewed dispositive motions that address the entire record. SO ORDERED. Signed by Judge Richard J. Leon on 3/31/2019. (lcrjl2) (Entered: 03/31/2019) |
| 04/25/2019 | 57 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to AMERICAN FOREST RESOURCE COUNCIL. Attorney Diane M. Meyers terminated. (Meyers, Diane) (Entered: 04/25/2019) |
| 06/03/2019 | 58 | | |

| | | | |
|---|---|---|---|
| | | | NOTICE *of Completion of Remand* by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA (Attachments: # 1 Declaration of BLM and supporting materials)(Leonard, Jacqueline) (Entered: 06/03/2019) |
| 06/17/2019 | 59 | | PROPOSED BRIEFING SCHEDULE re 56 Order on Motion for Summary Judgment,,,,,,,,,,,,,,,, Set/Reset Deadlines,,,, *Joint Briefing Schedule* by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA. (Howell, Coby) (Entered: 06/17/2019) |
| 06/25/2019 | | | MINUTE ORDER. Upon consideration of the parties' joint 59 Proposed Briefing Schedule, it is hereby ORDERED that the parties' proposal is adopted and the following schedule shall govern proceedings in this case: The parties shall refile their previously filed motions and cross–motions for summary judgment along with all of their previously filed supporting briefs on July 22; plaintiff may file a separate supplemental brief of up to ten pages addressing the information provided in defendants' Notice of Completion of Remand on July 22; defendants and defendant–intervenors may file a response of up to ten pages to plaintiff's supplemental brief, if any, on August 5; plaintiff may file a reply of up to five pages to defendants' response brief, if any, on August 12. SO ORDERED. Signed by Judge Richard J. Leon on 6/25/2019. (lcrjl2) (Entered: 06/25/2019) |
| 06/25/2019 | | | Set/Reset Deadlines: The parties shall refile their previously filed motions and cross–motions for summary judgment along with all of their previously filed supporting briefs on 7/22/2019. (jth) (Entered: 06/25/2019) |
| 07/22/2019 | 60 | | Cross MOTION for Summary Judgment by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA (Attachments: # 1 Statement of Facts, # 2 Declaration)(Howell, Coby) (Entered: 07/22/2019) |
| 07/22/2019 | 61 | | MOTION for Summary Judgment by AMERICAN FOREST RESOURCE COUNCIL (Attachments: # 1 Declaration Declaration of Paul Bialkowsky, # 2 Declaration Declaration of Andy Geissler, # 3 Declaration Declaration of Diane M. Meyers, # 4 Declaration Declaration of Mark Nystrom, # 5 Declaration Declaration of Steven D. Swanson, # 6 Text of Proposed Order Proposed Order)(Bechtold, David) (Entered: 07/22/2019) |
| 07/22/2019 | 62 | | Memorandum in opposition to re 60 Cross MOTION for Summary Judgment filed by AMERICAN FOREST RESOURCE COUNCIL. (Bechtold, David) (Entered: 07/22/2019) |
| 07/22/2019 | 63 | | REPLY to opposition to motion re 61 MOTION for Summary Judgment filed by AMERICAN FOREST RESOURCE COUNCIL. (Bechtold, David) (Entered: 07/22/2019) |
| 07/22/2019 | 64 | | Memorandum in opposition to re 61 MOTION for Summary Judgment filed by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA. (Howell, Coby) (Entered: 07/22/2019) |
| 07/22/2019 | 65 | | REPLY to opposition to motion re 60 Cross MOTION for Summary Judgment filed by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE |

| | | | |
|---|---|---|---|
| | | | UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA. (Howell, Coby) Modified link on 7/23/2019 (znmw). (Entered: 07/22/2019) |
| 07/22/2019 | 66 | | Cross MOTION for Summary Judgment by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL (Attachments: # 1 Text of Proposed Order Granting Soda Mountain Wilderness Council et al. Cross−Motion for Summary Judgment, # 2 Memorandum in Support of Cross−Motion for Summary Judgment and in Opposition to Plaintiffs' Motions for Summary Judgment, # 3 Declaration of Susan Jane M. Brown in Support of Soda Mountain Wilderness Council et al. Cross−Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment, # 4 Exhibit A−I to Declaration of Susan Jane M. Brown)(Boyles, Kristen) (Entered: 07/22/2019) |
| 07/22/2019 | 67 | | Memorandum in opposition to re 61 MOTION for Summary Judgment filed by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL. (Attachments: # 1 Declaration of Susan Jane M. Brown in Support of Soda Mountain Wilderness Council, et al. Cross−Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment, # 2 Exhibit A−I to Declaration of Susan Jane M. Brown)(Boyles, Kristen) (Entered: 07/22/2019) |
| 07/22/2019 | 68 | | REPLY to opposition to motion re 66 Cross MOTION for Summary Judgment filed by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL. (Attachments: # 1 Declaration of Susan Jane M. Brown in Support of Soda Mountain Wilderness Council, et al. Reply in Support of Cross−Motion for Summary Judgment, # 2 Exhibit J to Declaration of Susan Jane M. Brown)(Boyles, Kristen) (Entered: 07/22/2019) |
| 07/22/2019 | 69 | | SUPPLEMENTAL MEMORANDUM to re 61 MOTION for Summary Judgment filed by AMERICAN FOREST RESOURCE COUNCIL. (Bechtold, David) (Entered: 07/22/2019) |
| 07/22/2019 | 70 | | SUPPLEMENTAL MEMORANDUM to re 58 Notice (Other) filed by AMERICAN FOREST RESOURCE COUNCIL. (Bechtold, David) (Entered: 07/22/2019) |
| 08/02/2019 | 71 | | RESPONSE re 58 Notice (Other) filed by PRESIDENT OF THE UNITED STATES, BUREAU OF LAND MANAGEMENT, UNITED STATES OF AMERICA, SECRETARY OF THE INTERIOR by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL. (Boyles, Kristen) Modified event title on 8/9/2019 (znmw). (Entered: 08/02/2019) |
| 08/05/2019 | 72 | | RESPONSE re 69 SUPPLEMENTAL MEMORANDUM to *Plaintiffs' Supplemental Brief* filed by BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, UNITED STATES OF AMERICA. (Attachments: # 1 Declaration, # 2 Exhibit 1)(Howell, Coby) Modified event title on 8/9/2019 (znmw). (Entered: 08/05/2019) |
| 08/12/2019 | 73 | | SUPPLEMENTAL MEMORANDUM to re 72 Supplemental Memorandum, filed by AMERICAN FOREST RESOURCE COUNCIL. (Bechtold, David) |

| | | | |
|---|---|---|---|
| | | | (Entered: 08/12/2019) |
| 09/16/2019 | 74 | | NOTICE OF SUPPLEMENTAL AUTHORITY by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL (Attachments: # 1 Exhibit 1 to Defendant–Intervenors' Notice of Supplemental Authority_Report & Recommendation, # 2 Exhibit 2 to Defendant–Intervenors' Notice of Supplemental Authority_Order Adopting R&R)(Boyles, Kristen) (Entered: 09/16/2019) |
| 11/22/2019 | 75 | | MEMORANDUM OPINION. Signed by Judge Richard J. Leon on 11/22/2019. (jth) (Entered: 11/25/2019) |
| 11/22/2019 | 76 | | ORDER. For the reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that plaintiffs' 61 Motion for Summary Judgment is GRANTED; it is further DECLARED that Proclamation 9564, 82 Fed. Reg. 6145 (Jan. 18, 2017), violates the Oregon and California Railroad and Coos Bay Wagon Road Grant Lands Act of 1937 ("O&C Act"), 43 U.S.C. § 2601 et seq., by reserving land governed by the O&C Act from sustained yield timber production, and that Proclamation 9564 is invalid and unenforceable as applied to land subject to the O&C Act; it if further ORDERED that the federal defendants' 60 Cross–Motion for Summary Judgment is DENIED; and it is further ORDERED that defendant–intervenors' 66 Cross–Motion for Summary Judgment is DENIED. SO ORDERED. Signed by Judge Richard J. Leon on 11/22/2019. (jth) (Entered: 11/25/2019) |
| 01/16/2020 | 77 | | NOTICE of Change of Address by Kristen L. Boyles (Boyles, Kristen) (Entered: 01/16/2020) |
| 01/16/2020 | 78 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 75 Memorandum & Opinion, 76 Order on Motion for Summary Judgment,,,,,,,,,,, by KLAMATH SISKIYOU WILDLANDS CENTER, OREGON WILD, SODA MOUNTAIN WILDERNESS COUNCIL. Filing fee $ 505, receipt number ADCDC–6740753. Fee Status: Fee Paid. Parties have been notified. (Boyles, Kristen) (Entered: 01/16/2020) |
| 01/17/2020 | 79 | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date re 78 Notice of Appeal to DC Circuit Court,. (jf) (Entered: 01/17/2020) |
| 01/17/2020 | 80 | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 75 Memorandum & Opinion, 76 Order on Motion for Summary Judgment,,,,,,,,,,, by PRESIDENT OF THE UNITED STATES, BUREAU OF LAND MANAGEMENT, UNITED STATES OF AMERICA, SECRETARY OF THE INTERIOR. Fee Status: No Fee Paid. Parties have been notified. (Leonard, Jacqueline) (Entered: 01/17/2020) |

JEAN E. WILLIAMS, Deputy Assistant Attorney General
COBY HOWELL, Senior Trial Attorney
JACQUELINE M. LEONARD, Trial Attorney
Wildlife & Marine Resources Section
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
c/o U.S. Attorney's Office
1000 SW Third Avenue
Portland, OR 97204-2902
(503) 727-1023 (Tel.); (503) 727-1117 (Fax)
Email: Coby.howell@usdoj.gov
         Jacqueline.leonard@usdoj.gov

*Counsel for Federal Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN FOREST RESOURCE COUNCIL, | |
| Plaintiff, | No. 1:17-cv-441-RJL |
| v. | |
| UNITED STATES OF AMERICA, BUREAU OF LAND MANAGEMENT, PRESIDENT OF THE UNITED STATES, SECRETARY OF THE INTERIOR, | |
| Defendants, | |
| and | |
| SODA MOUNTAIN WILDERNESS COUNCIL, KLAMATH-SISKIYOU WILDLANDS CENTER, and OREGON WILD, | |
| Defendant-Intervenors. | |

## NOTICE OF APPEAL

Please take notice that the United States of America, Bureau of Land Management, President of the United States of America, and Secretary of the Interior (collectively, "Federal Defendants") appeal to the United States Court of Appeals for the District of Columbia Circuit from the District Court's November 22, 2019 Memorandum Opinion, ECF No. 75; its Order of the same date granting Plaintiff's motion for summary judgment, denying Federal Defendants' cross-motion for summary judgment, and ordering further relief, ECF No. 76; and all interlocutory orders incorporated therein.

Respectfully submitted this 17th day of January, 2020.

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources
Division
U.S. Department of Justice

*/s/ Jacqueline Leonard*
JACQUELINE LEONARD
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0493
jacqueline.leonard@usdoj.gov

COBY HOWELL
Senior Trial Attorney
Wildlife and Marine Resources Section
1000 SW Third Ave., Suite 600
Portland, OR 97204-2024
Tel: (503) 727-1023

Fax: (503) 727-1118
coby.howell@usdoj.gov

## Certificate of Service & Compliance

I hereby certify that on January 17, 2020, a copy of the foregoing was served by electronic means on all counsel of record by filing it in the Court's CMS/ECF system.

*/s/ Jacqueline Leonard*
Jacqueline Leonard

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

**NOV 2 2 2019**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

AMERICAN FOREST RESOURCE )
COUNCIL, *et al.,* )
                                        )
      **Plaintiffs,** )
                                          )
      **v.** )      **Civil Case No. 16-1599 (RJL)**
                                          )
CASEY HAMMOND, *et al.,* )
                                          )
      **Defendants.** )

---

ASSOCIATION OF O & C COUNTIES, )
                                          )
      **Plaintiff,** )
                                          )
      **v.** )      **Civil Case No. 16-1602 (RJL)**
                                          )
WILLIAM PERRY PENDLEY, *et al.,* )
                                          )
      **Defendants.** )

---

ASSOCIATION OF O&C COUNTIES, )
                                          )
      **Plaintiff,** )
                                          )
      **v.** )      **Civil Case No. 17-280 (RJL)**
                                          )
DONALD J. TRUMP, *et al.,* )
                                          )
      **Defendants,** )
                                          )
                                          )

**SODA MOUNTAIN WILDERNESS**
**COUNCIL,** *et al.*,                                     )
                                                          )
                                                          )
    **Defendant-Intervenors.**                            )

---

**AMERICAN FOREST RESOURCE**                              )
**COUNCIL,**                                              )
            **Plaintiff,**                                )
                                                          )
    **v.**                                                )     **Civil Case No. 17-441 (RJL)**
                                                          )
**UNITED STATES OF AMERICA,** *et al.*,                   )
                                                          )
    **Defendants,**                                       )
                                                          )
                                                          )
**SODA MOUNTAIN WILDERNESS**                              )
**COUNCIL,** *et al.*,                                    )
                                                          )
    **Defendant-Intervenors.**                            )

## MEMORANDUM OPINION

(November 22, 2019)

[Dkt. ## 49, 50 (in Case No. 16-1599); 37, 38 (in Case No. 16-1602); 59, 60, 66 (in Case No. 17-280); 60, 61, 66 (in Case No. 17-441)]

The Oregon and California Railroad and Coos Bay Wagon Road Grant Lands Act of 1937 ("O&C Act"), 43 U.S.C. § 2601 *et seq.*, regulates timber harvest on approximately two million acres of federal land in western Oregon ("O&C land"). In these four cases, plaintiffs challenge decisions made by the President of the United States and by the Bureau of Land Management ("BLM")—the agency that administers the O&C

Act—that effectively reduce the amount of O&C land that is available for commercial timber harvest.[1]  In two of the cases, plaintiffs challenge Resource Management Plans, issued by BLM in 2016 ("the 2016 RMPs"), that set aside portions of O&C land as reserves on which commercial timber harvest is limited.  In the other two cases, plaintiffs challenge a Presidential Proclamation ("Proclamation 9564"), by President Obama, that enlarged the Cascade-Siskiyou National Monument in southern Oregon, thereby limiting commercial timber harvest on the O&C land that was added to the monument.  *See* 82 Fed. Reg. 6145 (Jan. 18, 2017).

In all four cases, plaintiffs contend that the Government's actions violate the plain text of the O&C Act.  They moved for summary judgment, and the Government cross-moved, defending the legality of the 2016 RMPs and Proclamation 9564.  In the cases about Proclamation 9564, intervenors filed additional cross-motions for summary

---

[1] In Case Number 16-1599, the American Forest Resource Council (a forest products trade association representing lumber and plywood manufacturing companies) as well as the Carpenters Industrial Council, Douglas Timber Operators, Inc., C & D Lumber Co., Freres Lumber Co. Inc., Seneca Sawmill Company, Starfire Lumber Co., Inc., and Swanson Group Mfg. LLC (all entities engaged in business related to the timber industry) sued BLM's director and the Secretary of the Interior, alleging that the 2016 RMPs are arbitrary, capricious, and unlawful.  In Case Number 16-1602, the Association of O&C Counties, which represents seventeen counties in western Oregon that contain O&C land, sued the same defendants on the same allegations.

In Case Number 17-280, the Association of O&C Counties sued President Donald J. Trump, the United States of America, the Secretary of the Interior, and BLM, alleging that Proclamation 9564 is *ultra vires*.  In Case Number 17-441, the American Forest Resource Council sued the same defendants on the same allegations about Proclamation 9564.  The Soda Mountain Wilderness Council, the Klamath-Siskiyou Wildlands Center, and Oregon Wild (public interest groups focused on protecting the environment in and around the Cascade-Siskiyou National Monument) intervened in Case Numbers 17-280 and 17-441 to defend Proclamation 9564.

Throughout this consolidated Memorandum Opinion, "plaintiffs" will refer to the collective plaintiffs in all four cases.  "Defendants," "the Government," or the "United States" will refer to the collective named defendants in all four cases.  And "intervenors" or "defendant-intervenors" will refer to the Soda Mountain Wilderness Council, the Klamath-Siskiyou Wildlands Center, and Oregon Wild, collectively.

3

judgment in defense of the Proclamation.

In all four cases, plaintiffs are correct. Both the 2016 RMPs and Proclamation 9564 conflict with mandates imposed by the O&C Act. For that reason, and for all those that follow, plaintiffs' motions for summary judgment must be GRANTED, and the Government's and intervenors' cross-motions for summary judgment must be DENIED.

## BACKGROUND[2]

The O&C Act requires that timberland subject to the Act be "managed . . . for permanent forest production" and that timber grown on the land "be sold, cut, and removed in conformity with the princip[le] of sustained yield." 43 U.S.C. § 2601. To implement these provisions, the Secretary of the Interior must declare the "annual productive capacity" of O&C timberland, and then offer timber commensurate with that productive capacity for sale each year.[3] *Id.* A portion of the proceeds from the timber sales is then paid to the Oregon counties that contain O&C land. *See id.* § 2605(a).

The O&C land's productive capacity—also referred to as the allowable sale quantity ("ASQ") of timber[4]—has reached as high as 1.1 billion board feet per year. *See* Administrative Record (Case No. 16-1599) ("AR") at JA-14, IND_0527316–17 [Dkt.

---

[2] Additional background about these cases can be found in *American Forest Resource Council v. Steed*, No. 16-1599, 2019 WL 1440887 (D.D.C. Mar. 31, 2019). This Memorandum Opinion discusses only the background relevant to the issues decided.

[3] BLM, an agency with the Department of the Interior, has administered the O&C Act since 1947. *See Swanson Grp. Mfg. LLC v. Bernhardt*, No. 15-1419, 2019 WL 4750486, at *1 (D.D.C. Sept. 30, 2019); U.S. Dep't of the Interior, BLM, O&C Sustained Yield Act: the Land, the Law, the Legacy (1937-1987) at 5, available at https://www.blm.gov/or/files/OC_History.pdf.

[4] BLM uses "annual productive capacity," "allowable sale quantity," and "annual sustained yield capacity" synonymously. *See* Fed. Defs.' Cross-Mot. Summ. J. (Case No. 16-1599) at 7 & n.3 [Dkt. # 50].

4

## 37, 40].  For much of the latter half of twentieth century, it remained relatively close to that figure.  *See id.* (showing an ASQ of 874 million board feet or higher every year from 1959 until 1976).  But in the 1990s, the ASQ dropped precipitously.

In 1990, the U.S. Fish and Wildlife Service classified the northern spotted owl as a threatened species under the Endangered Species Act of 1973 ("ESA"), 16 U.S.C. § 1531 *et seq.  See* Determination of Threatened Status for the Northern Spotted Owl, 55 Fed. Reg. 26,114 (June 26, 1990).  Two years later, a federal district court in Oregon enjoined timber sales on land, including land subject to the O&C Act, that is suitable habitat for the threatened owls.  *See Portland Audubon Soc'y v. Lujan*, 795 F. Supp. 1489, 1510–11 (D. Or. 1992).  The injunction was not resolved until 1994, when BLM, in conjunction with the United States Forest Service, adopted a new "forest plan" to govern the management of northern spotted owl habitat.  *See Seattle Audubon Soc. v. Lyons*, 871 F. Supp. 1291, 1300, 1302, 1304 (W.D. Wash. 1994).

Land subject to the 1994 forest plan was divided into "reserve areas in which logging and other ground-disturbing activities [we]re generally prohibited" and "unreserved areas" where "timber harvest [could] go forward."  *Lyons*, 871 F. Supp. at 1304–05.  In 1995, with the forest plan in place, BLM issued RMPs that adopted similar measures for O&C land.  *See, e.g.*, AR at JA-27, IND_0523007; JA-28, IND_0523235. After allocating certain timberland to reserves, where sustained yield timber harvest was not permitted, the 1995 RMPs set an ASQ of 203 million board feet per year, about 20% of the one billion board feet ASQs that had been declared in the past.  *See* AR at JA-41,

5

IND_0340678; JA-46, IND_0514462; JA46, IND_0514701.

BLM revised the O&C land RMPs in 2016. Like their predecessors, the 2016 RMPs divide O&C land into separate management categories. *See* AR at JA-46, IND_0514399-402. Only one of the six categories—"harvest land base"—is managed to "achieve continual timber production that can be sustained through a balance of growth and harvest." *Id.* at JA-46, IND_0514402. The other five categories, which include multiple types of ecological reserves, limit timber production. *See id.* at JA-2, IND_0513044. When BLM calculated the ASQ for O&C timberland in the 2016 RMPs, the agency looked only to timber grown in the 498,597-acre harvest land base. *See id.* at JA-1, IND_0512707-10; JA-1, IND_0512745; JA-2, IND_0513027-29; JA-2, IND_0513065. Timberland in every other land category, including the 957,872 acres of late-successional reserves and the 520,092 acres of riparian reserves, was left aside. *See id.* This calculation yielded an ASQ of 205 million board feet per year—a slight increase from the 1995 RMPs, but still only about 20% of the historic maximum. *See id.* at JA-1, IND_0512708 (ASQ for Coos Bay, Eugene, and Salem of 130 million board feet); JA-2, IND_0513027 (ASQ for Klamath Falls, Medford, and Roseburg of 75 million board feet); JA-14, IND_0527316–17 (historic ASQs).

A decade after the northern spotted owl was classified as a threatened species, President Clinton introduced one more variable to O&C land management by creating the Cascade-Siskiyou National Monument. *See* Proclamation 7318, 65 Fed. Reg. 37,249, 37,250 (June 13, 2000). At its inception, the monument included approximately 40,156

6

acres of O&C Act land within its boundaries. *See* Fed. Defs.' Cross-Mot. Summ. J. (Case No. 17-280), Ex. 15 at 11 [Dkt. # 60-2]. And since its inception, "[t]he commercial harvest of timber . . . [has been] prohibited," within the monument, "except when part of an authorized science-based ecological restoration project." *See* Proclamation 7318, 65 Fed. Reg. at 37,250.

On January 12, 2017, shortly before he left office, President Obama issued Proclamation 9564, which added approximately 47,660 more acres of O&C land to the Cascade-Siskiyou National Monument. *See* Proclamation 9564, 82 Fed. Reg. 6145 (Jan. 18, 2017); Declaration of Theresa M. Hanley ("Hanley Decl.") ¶ 8 (Case No. 17-280) [Dkt. # 57-1]. The addition effectively doubled the O&C land that can no longer be used for timber harvest because it falls within the monument's boundaries.

Plaintiffs in these suits contend that both the 2016 RMPs and Proclamation 9564 violate the O&C Act. In their view, setting aside O&C land to limit timber harvest— whether the set aside is called a reserve or a monument—contravenes Congress's mandate that O&C land "shall be managed . . . for permanent forest production, and the timber thereon shall be sold, cut, and removed in conformity with the princip[le] of sustained yield." 43 U.S.C. § 2601.

The Government disagrees, of course. It argues that the O&C Act gives BLM discretion to set land aside in reserves and that the 2016 RMPs reflect a reasonable balancing of the agency's obligations under the O&C Act and the ESA. The Government further argues that Proclamation 9564 is a valid exercise of power that Congress

7

delegated to the President through the Antiquities Act, 54 U.S.C. § 320301. Intervenors in Case Numbers 17-280 and 17-441 support the Government on the latter point.

Plaintiffs, the Government, and intervenors have all moved or cross-moved for summary judgment. On March 31, 2019, I remanded these cases to BLM to provide additional explanation of how BLM has reconciled and, going forward, intends to reconcile the varied land management obligations imposed by the O&C Act, the 2016 RMPs, and Proclamation 9564. BLM has now filed its explanation, and accordingly, the questions whether the 2016 RMPs and Proclamation 9564 violate the O&C Act are ripe for resolution.

## ANALYSIS

### I. The 2016 Resource Management Plans

Of this there can be no doubt: the 2016 RMPs violate the O&C Act. When a "statute's language is plain," courts must "enforce it according to its terms."[5] *Lamie v.*

---

[5] The Government does not appear to dispute that plaintiffs have standing to challenge the 2016 RMPs, and I conclude that plaintiffs have indeed established standing. When companies allege standing to challenge an agency action based on economic harm,

> [t]he . . . inquiry boils down to whether the plaintiff has adequately demonstrated: (1) a substantial probability that the challenged government action will cause a decrease in the supply of raw material from a particular source; (2) a substantial probability that the plaintiff manufacturer obtains raw material from that source; and (3) a substantial probability that the plaintiff will suffer some economic harm as a result of the decrease in the supply of raw material from that source.

*Carpenters Indus. Council v. Zinke*, 854 F.3d 1, 6 (D.C. Cir. 2017). Plaintiffs here have submitted declarations establishing that they obtain timber from BLM, that the 2016 RMPs affect the volume of timber they are able to obtain, and that decreases in the volume of timber they are able to obtain harm their businesses. *See* Declaration of Commissioner Simon Hare (Case No. 16-1599) [Dkt. # 29-2]; Declaration of Todd A. Payne (Case No. 16-1599) [Dkt. # 29-3]; Declaration of Sean M. Smith (Case No. 16-1599) [Dkt. # 29-4]; Declaration of Steven D. Swanson (Case No. 16-1599) [Dkt. # 29-5]; Declaration

*U.S. Trustee*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6 (2000)). The O&C Act plainly requires that timber grown on O&C land "be sold, cut, and removed in conformity with the princip[le] of sustained yield." 43 U.S.C. § 2601. So the 2016 RMPs, which prohibit the selling, cutting, and removing of timber in conformity with the principle of sustained yield on portions of O&C timberland, contravene the law.

This conclusion follows directly from the language in the O&C Act and the 2016 RMPs. The Act imposes two relevant, mandatory directives on BLM's management of all O&C land that has "heretofore or may hereafter be classified as timberlands, and power-site lands valuable for timber." 43 U.S.C. § 2601. That land "*shall* be managed . . . for permanent forest production, and the timber thereon *shall* be sold, cut, and removed in conformity with the princip[le] of sustained yield." *Id.* (emphasis added). Use of the word "shall" in a statutory directive to an agency "signals mandatory action." *Nat. Res. Def. Council v. Reilly*, 983 F.2d 259, 266 (D.C. Cir. 1993) (citing *Her Majesty the Queen v. USEPA*, 912 F.2d 1525, 1533 (D.C.Cir.1990)). When managing O&C timberland, then, BLM must ensure that the land continues to produce timber. *See Headwaters, Inc. v. Bureau of Land Mgmt.*, 914 F.2d 1174, 1183 (9th Cir. 1990) ("There is no indication that Congress intended 'forest' to mean anything beyond an aggregation of timber resources."). And BLM must ensure that the timber produced on O&C land is

---

of Robert T. Freres, Jr. (Case No. 16-1599) [Dkt. # 29-6]; Declaration of Travis Joseph (Case No. 16-1599) [Dkt. # 29-7]; Declaration of Timothy Freeman (Case No. 16-1602) [Dkt. # 37-3]; Declaration of Sid Leiken (Case No. 16-1602) [Dkt. # 37-4]; Declaration of Craig Pope (Case No. 16-1602) [Dkt. # 37-5].

sold, cut, and removed in conformity with the principle of sustained yield. These are mandatory directives from Congress.

The 2016 RMPs violate these mandatory directives by excluding portions of O&C timberland from sustained yield timber harvest. In the RMPs, BLM looked only to the 498,597-acre harvest land base to calculate the ASQ. *See* AR at JA-1, IND_0512707-10; JA-1, IND_0512745; JA-2, IND_0513027-29; JA-2, IND_0513065. These 498,597 acres amount to about 20% of the land governed by the 2016 RMPs. *See id.* Much of remaining land is set aside in various reserves. *See id.* And some of the land placed into reserves can indisputably be characterized as timberland. *See id.* at JA-46, IND_0514442 (listing "Block Forest Reserve[s]" among the areas where sustained-yield timber harvest is prohibited); JA-46, IND_0514702 (explaining that "[t]he size of the Harvest Land Base is dependent on . . . the size of the Late-Successional Reserve"). But within the reserves, timber harvest is permitted for only limited purposes and is not performed on a sustained yield basis. *See id.* at JA-46, IND_0514339. In the 2016 RMPs, BLM explains, "the term 'reserve' indicates that the BLM or Congress have reserved lands within the allocation from sustained-yield timber production. These reserve land use allocations . . . are in contrast to the Harvest Land Base, which includes management objectives for sustained-yield timber production." *Id.* This decision to reserve timberland from sustained yield timber production cannot be squared, however, with the O&C Act's mandates: all land "classified as timberlands" must "be managed . . . for permanent forest production," and that the timber produced on that land must "be sold,

10

cut, and removed in conformity with the princip[le] of sustained yield." 43 U.S.C. § 2601.

The Government raises two arguments in response. It argues first that the O&C Act grants BLM discretion in managing O&C land and second that the 2016 RMPs reasonably harmonize the agency's competing obligations under the O&C Act and section 7(a)(2) of the ESA. *See* 16 U.S.C. § 1531(b).

The Government's first point is true so far as it goes. BLM does have *some* discretion when managing O&C land. Indeed, this Court has recognized that "BLM has discretion as to establishing the ASQ, selecting the timberlands, pricing the sale (at 'reasonable prices on a normal market'), scheduling the sale, and even rejecting bids." *Swanson Grp. Mfg. LLC v. Salazar*, 951 F. Supp. 2d 75, 82 (D.D.C. 2013), *vacated on other grounds sub nom. Swanson Grp. Mfg. LLC v. Jewell*, 790 F.3d 235 (D.C. Cir. 2015). The Ninth Circuit drew a similar conclusion, holding, "the [O&C] Act has not deprived . . . BLM of all discretion with regard to either the volume requirements of the Act or the management of the lands entrusted to its care." *Portland Audubon Soc. v. Babbitt*, 998 F.2d 705, 709 (9th Cir. 1993).

But even where an agency has discretion, courts must "ensure that the [agency] . . . does not violate the statutory limitations on [that] discretion." *Cont'l Air Lines, Inc. v. C. A. B.*, 522 F.2d 107, 116 (D.C. Cir. 1974). The mandatory directives in the O&C Act constitute clear congressionally imposed bounds on the discretion the statute otherwise imparts. *See Gillan v. Winter*, 474 F.3d 813, 818 (D.C. Cir. 2007)

11

("[T]he word 'shall' limits the Secretary's discretion . . . ."). Accordingly, when exercising its discretion, BLM must do so in a way that ensures that O&C timberland is managed "for permanent forest production," and that the timber on that land is "sold, cut, and removed in conformity with the princip[le] of sustained yield." 43 U.S.C. § 2601. The 2016 RMPs violate these mandates. As such, they are unlawful—notwithstanding BLM's discretion to make management decisions about O&C land within the statutorily imposed limits.

The Government's argument about section 7(a)(2) of the ESA fails for a similar reason. The Government may be correct that BLM "must fulfill conservation duties imposed by other statutes," *Seattle Audubon Soc. v. Lyons*, 871 F. Supp. 1291, 1314 (W.D. Wash. 1994), when *exercising its discretion* under the O&C Act. But the Supreme Court itself has made clear that section 7(a)(2) of the ESA does not alter *mandatory* duties imposed on agencies by statute. In *National Association of Home Builders v. Defenders of Wildlife*, the Court rejected a "reading of § 7(a)(2) [that] would . . . abrogate [a] statutory mandate" in the Clean Water Act. 551 U.S. 644, 664 (2007). After applying *Chevron* deference to an implementing regulation,[6] the Court held that "§ 7(a)(2)'s no-jeopardy duty covers only discretionary agency actions and does not attach to actions . . . that an agency is *required* by statute to undertake once certain specified triggering events have occurred."[7] *Id.* at 669. The O&C Act's timber harvest mandates

---

[6] The regulation to which the Supreme Court deferred remains in effect. *See Home Builders*, 551 U.S. at 669; 50 C.F.R. § 402.03.

[7] Our Circuit Court has read section 7(a)(2) similarly, holding that the provision "does not *expand*

12

fall into the latter category: once O&C land is classified as timberland, BLM is required to harvest the timberland pursuant to sustained yield principles. *See* 43 U.S.C. § 2601. According to *Home Builders*, then, BLM cannot justify a refusal to abide by those statutory commands by pointing to section 7 of the ESA. "[Section] 7(a)(2)'s no-jeopardy duty" simply "does not attach" to such non-discretionary mandates. *Home Builders*, 551 U.S. at 669.

This Court must, therefore, conclude that the 2016 RMPs violate the O&C Act by setting aside timberland in reserves where the land is not managed for permanent forest production and the timber is not sold, cut, and removed in conformity with the principle of sustained yield.

## II. Remedy

All parties to Case Numbers 16-1599 and 16-1602 agreed in their motions for summary judgment that, if this Court were to determine that the 2016 RMPs violate the O&C Act, the parties should have an opportunity to separately brief the appropriate remedy for the violation. In light of the parties' agreement, the additional briefing will be permitted. *See Am. Hosp. Ass'n v. Azar*, 348 F. Supp. 3d 62, 85–87 (D.D.C. 2018) ("Plaintiffs are entitled to equitable relief. Fashioning that relief, however, requires supplemental briefing from the parties addressing the reliefs proper scope and implementation.").

---

the powers conferred on an agency." *Platte River Whooping Crane Critical Habitat Maintenance Trust v. FERC*, 962 F.2d 27, 34 (D.C. Cir. 1992).

13

## III.     Proclamation 9564

Proclamation 9564, not surprisingly, also violates the O&C Act.    The congressional mandates to manage O&C timberland "for permanent forest production" and to "s[ell], cut, and remove[] [timber] in conformity with the princip[le] of sustained yield," 43 U.S.C. § 2601, cannot be rescinded by Presidential Proclamation.

To be sure, judicial review of Presidential Proclamations is more limited than review of actions taken by federal agencies.  Courts may not, for example, second-guess "[h]ow the President chooses to exercise . . . discretion [that] Congress has granted him." *Mountain States Legal Found. v. Bush*, 306 F.3d 1132, 1136 (D.C. Cir. 2002) (quoting *Dalton v. Specter*, 511 U.S. 462, 476 (1994) (alteration added)).   Nonetheless, when presented with a legal challenge to a Presidential Proclamation, courts must still "ensure that the Proclamation[] [is] consistent with constitutional principles and that the President has not exceeded his statutory authority." *Id.*

In some cases, the question whether a President's designation of a national monument exceeded his statutory authority requires review only of "the limits on Presidential authority . . . [that] derive from the Antiquities Act itself." *Mountain States*, 306 F.3d at 1136.  And there is no question that the Antiquities Act—the statutory basis for Proclamation 9564, *see* 82 Fed. Reg. at 6148—"confers very broad discretion on the President." *Mountain States*, 306 F.3d at 1137; *see* 54 U.S.C. § 320301(b) ("The President may reserve parcels of land as a part of the national monuments.").

But our Circuit Court has also held that "limits on Presidential authority" to issue a

14

Proclamation can "derive from . . . an independent statute." *Mountain States*, 306 F.3d at 1136. In *Chamber of Commerce of the United States v. Reich*, our Circuit Court held that an Executive Order was preempted by the National Labor Relations Act ("NLRA"), notwithstanding President Clinton's claim, on the face of the Order, that he was exercising authority granted to him through a different statute, the Procurement Act. *See* 74 F.3d 1322, 1324 (D.C. Cir. 1996). The Court recognized that, much like the Antiquities Act, "the Procurement Act . . . vest[s] broad discretion in the President." *Id.* at 1330. But because the Order "conflict[ed] with the NLRA," the Court found it "unnecessary to decide whether, in the absence of the NLRA, the President would be authorized (with or without appropriate findings) under the Procurement Act and the Constitution to issue the Executive Order." *Id.* at 1332. No matter the scope of the President's Procurement Act authority, "the Executive Order [wa]s . . . pre-empted by the NLRA."[8] *Id.* at 1339.

Proclamation 9564 runs into similar trouble. Citing the Antiquities Act, with its broad delegation of discretion, does not give the President license to contravene the O&C Act. *See Reich*, 74 F.3d at 1332–39. "Where there is no *clear* intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (quoting *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153 (1976)). The

---

[8] The *Reich* Court also "conclude[d] that judicial review [wa]s available" to the parties challenging the executive order. *See* 74 F.3d at 1324. Its reasoning forecloses the Government's contention that sovereign immunity bars plaintiffs' challenge to Proclamation 9564 here. *See id.* at 1328–32.

Antiquities Act says nothing specific about managing O&C timberland. *See* 54 U.S.C. §§ 320301–320303. As such, it cannot be understood to nullify the timber harvest mandates imposed by Congress in the O&C Act.

Just like in *Reich*, moreover, Proclamation 9564 "unacceptabl[y] conflict[s]" with the O&C Act. 74 F.3d at 1332–33. As discussed, the O&C Act *requires* that timberland subject to the Act be managed "for permanent forest production" and the timber grown on the land be "sold, cut, and removed in conformity with the princip[le] of sustained yield." 43 U.S.C. § 2601. The Proclamation that established the Cascade-Siskiyou National Monument, by contrast, provides that "[n]o portion of the monument shall be considered to be suited for timber production, and no part of the monument shall be used in a calculation or provision of a sustained yield of timber." Proclamation 7318, 65 Fed. Reg. at 37,250. Proclamation 9564 then directs the Secretary of the Interior to "manage the area being added to the monument . . . under the same laws and regulations that apply to the rest of the monument." 82 Fed. Reg. at 6149. And BLM's Acting State Director for Oregon and Washington has confirmed that the agency "currently manages the lands in the [monument] expansion area . . . in accordance with the timber harvest constraints" set forth in the two Presidential Proclamations. Hanley Decl. ¶ 11. Put simply, there is no way to manage land for sustained yield timber production, while simultaneously deeming the land unsuited for timber production and exempt from any calculation of the

16

land's sustained yield of timber.[9]

Accordingly, the directives to the Secretary of the Interior set forth in Proclamation 9564 conflict with the directives from Congress in the O&C Act. Land subject to the O&C Act, regardless of whether it is included in the Cascade-Siskiyou National Monument expansion, *must* be managed "for permanent forest production," and timber grown on that land *must* be "sold, cut, and removed in conformity with the princip[le] of sustained yield." 43 U.S.C. § 2601. Proclamation 9564's direction otherwise is *ultra vires* and invalid.

## CONCLUSION

For the foregoing reasons, the 2016 RMPs and Proclamation 9564 both violate the O&C Act. Plaintiffs motions for summary judgment in each of these four cases are GRANTED. The Government's cross-motions for summary judgment in each case are DENIED, and intervenors' cross-motions in Case Numbers 17-280 and 17-441 are also DENIED.

In Case Numbers 16-1599 and 16-1602, the parties are ORDERED to submit supplemental briefs detailing their respective positions on the proper remedy in light of the Court's conclusion that the 2016 RMPs violate the O&C Act. All parties shall submit

---

[9] Because of these conflicting directives, the cases from our Circuit Court holding that land can be subject to "overlapping sources of protection" are inapposite. *Mountain States*, 306 F.3d at 1138; *see also Tulare Cty. v. Bush*, 306 F.3d 1138, 1143 (D.C. Cir. 2002) ("The Proclamation thus conceives of the designated land as having a dual status as part of both the Monument and the Sequoia National Forest. The Proclamation is therefore wholly consistent with NFMA." (citations omitted)). A mandate that timberland be harvested in conformity with the principle of sustained yield and a declaration that the same land is exempt from sustained yield timber harvest cannot be characterized as two overlapping protections; each dictate is at odds with the other.

17

their opening briefs on remedy, which shall be limited to no more than fifteen pages each, within thirty days of this Memorandum Opinion's issuance. The parties may then file responsive briefs on remedy, limited to no more than ten pages each, within fourteen days of the filing of their opponent's opening brief.

In each of these four cases, an Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

AMERICAN FOREST RESOURCE )
COUNCIL, )
        Plaintiff, )
 )
    v. )    **Civil Case No. 17-441 (RJL)**
 )
UNITED STATES OF AMERICA, *et al.*, )
 )
    Defendants, )
 )
 )
SODA MOUNTAIN WILDERNESS )
COUNCIL, *et al.*, )
 )
    Defendant-Intervenors. )

**FILED**

**NOV 2 2 2019**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## ORDER

(November **22**, 2019)  [Dkt. ## 60, 61, 66]

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that plaintiff's Motion for Summary Judgment [Dkt. # 61] is

**GRANTED**; it is further

**DECLARED** that Proclamation 9564, 82 Fed. Reg. 6145 (Jan. 18, 2017), violates

the Oregon and California Railroad and Coos Bay Wagon Road Grant Lands Act of 1937

("O&C Act"), 43 U.S.C. § 2601 *et seq.*, by reserving land governed by the O&C Act

from sustained yield timber production, and that Proclamation 9564 is invalid and

unenforceable as applied to land subject to the O&C Act; it is further

**ORDERED** that the federal defendants' Cross-Motion for Summary Judgment

[Dkt. # 60] is **DENIED**; and it is further

**ORDERED** that defendant-intervenors' Cross-Motion for Summary Judgment [Dkt. # 66] is **DENIED**.

**SO ORDERED.**

RICHARD J. LEON
United States District Judge